UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| JAMIE LEE REYNOLDS#373841 | ) | |
| | ) | |
| v. | ) | NO. 2:11-cv-93 |
| | ) | *Greer/Inman* |
| STATE OF TENNESSEE and | ) | |
| WASHINGTON COUNTY, TENNESSEE | ) | |

## **MEMORANDUM OPINION**

Seeking an award of the good time credits he would have earned were it not for race-based discrimination against him, Jamie Lee Reynolds, an inmate in the Johnson County jail in Mountain City, Tennessee, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, [Doc. 2]. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, [Doc. 1].

The petition contains a single claim, which is stated thus:

"A Washington County jailer Discrimatied (sic) [against] me by (sic) my race. Me and a black male was (sic) in a different cell inside the jail located in B-1. The officer looked at the black male and told him to get out of the cell. He then told me to pack my stuff [and] that I was going to the hole. I reported this to the major of the jail and a Lt. I wasn't talked to just got moved to another jail. But I was a trustee at the time and now I lost out on all the good time that I could have earned from that date. Which if I still had my job I would be just about flat with my time." [Pet. at 5].

Attached to petitioner's *in forma pauperis* application is an order entered in a previous civil rights action he filed. *See Reynolds v. Johnson*, Civil Action No. 2:11-59 (E.D. Tenn. 2013) [ECF Doc. 3]. In that case, which raised the same or strikingly similar claims regarding racial discrimination and good time credits, the Court dismissed without prejudice petitioner's request for "good time" sentencing credits, based on *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), which holds that the sole federal remedy for claims relating directly to the fact and duration of an

individual's physical confinement lies in filing a petition for habeas corpus relief under 28 U.S.C. § 2254. Based on petitioner's inclusion of this order in his § 2254 submissions, the Court infers that he is attempting to use the suggested judicial remedy to vindicate the alleged constitutional wrong which he claims to have suffered.

However, "the Due Process Clause itself does not create a liberty interest in credit for good behavior." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting *Sandin v. Conner*, 515 U.S. 472, 477 (1995)); *see Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Hansard v. Barrett*, 980 F. 2d 1059, 1062 (6th Cir. 1992) ("The United States Supreme Court has held that inmates have no inherent constitutional right to good time credit."). However, depriving a prisoner of good time credits he has *earned* (under a state system, where the credits reduce an inmate's time in prison) requires minimal procedural safeguards, such as notice and a hearing. *Wolff*, 418 U.S. at 563-66. Yet, the loss of an opportunity for earning sentencing credits is a speculative, collateral consequence of a prison disciplinary conviction and, thus, is not sufficient to create a liberty interest protected by due process. *See Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir.1995).

That being said, the good time credits which petitioner seeks to be awarded through means of his § 2254 application were not earned credits and did not entitle him to due process protections before his trustee job termination. Thus, because petitioner does not present a cognizable federal claim, there is no constitutional redress available to him in a habeas corpus action.

Even if petitioner had earned those good time credits, he would not be able to bring a habeas corpus action seeking to have them restored unless he first showed that he had exhausted his state court remedies, that there is an absence of state corrective process, or that resort to those remedies would be futile. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509 (1982). There is indication

on the face of the pleading that he has so done.

Accordingly, a separate order will enter dismissing this application without prejudice for failure to exhaust state court remedies.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE